UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6632-VBF-KK | Date: | September 9, 2016 |
|---|---|---|---|
| Title: | *Elmer R. Bautista v. Shawn Hatton* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed As Untimely

## I.
## INTRODUCTION

Petitioner Elmer R. Bautista ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

### A.  STATE COURT PROCEEDINGS

On May 22, 2003, in Los Angeles County Superior Court, Petitioner was convicted three counts of kidnapping to commit robbery in violation of California Penal Code section 209, subdivision (a)(1), one count of kidnapping to commit rape in violation of California Penal Code section 209, subdivision (b)(1), two counts of second degree commercial burglary in violation of California Penal Code section 459, four counts of robbery in violation of California Penal Code section 211, one count of forcible oral copulation in violation of California Penal Code section 288a, subdivision (c)(2), and one count of kidnapping to commit oral copulation in violation of

California Penal Code section 209, subdivision (b)(1).  People v. Bautista, No. B173331, 2005 WL 1744414, at *1 (Cal. Ct. App. July 26, 2005); see also ECF Docket No. ("Dkt.") 1, Pet. at 2.  On April 2, 2004, Petitioner was sentenced to a term of forty-six years, eight months, plus two life terms.  Bautista, 2005 WL 1744414, at *1.

On July 26, 2005, the California Court of Appeal reversed Petitioner's conviction in part striking one of the kidnapping counts and otherwise affirmed his conviction.  Id. at 23.

On October 26, 2005, the California Supreme Court summarily denied Petitioner's petition for review.  See California Courts, Appellate Courts Case Information, Supreme Court, Disposition (Sept. 9, 2016, 11:14 AM), http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=1868397&doc_no=S136719.[1]

On August 7, 2008, Petitioner filed a state habeas petition in the California Supreme Court.  California Courts, Appellate Courts Case Information, Supreme Court, Docket, (Sept. 9, 2016, 11:18 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1897454&doc_no=S165776.  On February 11, 2009, the California Supreme Court denied the petition.  Id.

On October 9, 2013, Petitioner filed a second state habeas petition in the California Supreme Court.  California Courts, Appellate Courts Case Information, Supreme Court, Docket, (Sept. 9, 2016, 11:20 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2058766&doc_no=S213942.  On January 15, 2014, the California Supreme Court denied the petition.  Id.

On May 15, 2014, Petitioner filed a third state habeas petition in the California Supreme Court.  California Courts, Appellate Courts Case Information, Supreme Court, Docket, (Sept. 9, 2016, 11:22 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2077066&doc_no=S218569.  On July 30, 2014, the California Supreme Court denied the petition.  Id.

On May 5, 2016, Petitioner filed a fourth state habeas petition in the California Supreme Court raising the following grounds for relief: (a) unauthorized sentence; (b) proof below due process; (c) prosecutorial misconduct; (d) insufficient evidence; (e) cumulative error; and (f) ineffective assistance of counsel.  Pet. at 3-4; California Courts, Appellate Courts Case Information, Supreme Court, Docket, (Sept. 9, 2016, 11:22 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2140546&doc_no=S234296.  On August 10, 2016, the California Supreme Court denied the petition.  Id.

///

---

[1] Petitioner states he does not know whether he filed a petition for review in the California Supreme Court.  See Pet. at 3.

B.  **FEDERAL COURT PROCEEDINGS**

On August 24, 2016, Petitioner constructively filed[2] the instant Petition.  See id. at 8.  Petitioner challenges his conviction and sentence on the following grounds: (a) "due process denied when [Petitioner] given an unauthorized sentence"; (b) "due process denied when [Petitioner] convicted on less than proof beyond a reasonable doubt"; (c) prosecutorial misconduct; (d) insufficient evidence; and (e) cumulative error.  Id. at 5-6.

III.
DISCUSSION

A.  **THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See Pet. at 9.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court."  Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on January 24, 2006, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on October 26, 2005.  Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period commenced the next day, January 25, 2006, and expired on January 25, 2007.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on August 24, 2016.  See Pet. at 9.  Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over nine and a half years under Section 2244(d)(1).  Thompson, 681 F.3d at 1093.

B.  **STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777,

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).  Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Moreover, Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year limitations period commenced on January 25, 2006.  See 28 U.S.C. § 2244(d)(1).  Following the commencement of the limitations period, it appears Petitioner filed his first state habeas petition on August 7, 2008.  See 28 U.S.C. § 2244(d)(2).  However, the limitations period had expired on January 25, 2007, well before Petitioner filed his first state habeas petition.  See id.  Section 2244(d)(2) does not permit reinitiation of the limitations period.  See Ferguson, 321 F.3d at 823.  Therefore, statutory tolling does not render the Petition timely.  See id.

C.     EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule."  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  See Bills, 628 F.3d at 1097.

IV.
ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action.  Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than October 10, 2016**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

      **The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b).**

      **The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

      **IT IS SO ORDERED.**